# EXHIBIT

# A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FILED *FOR COURT USE ONLY*
Superior Court of California,
Sacramento
12/23/2019
hpemelton
By_____ , Deputy
Case Number:
34-2019-00271939

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  EXAMWORKS, LLC, a Delaware Limited Liability Company; IME RESOURCES LLC,
  a Delaware Limited Liability Company; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

  LINDA TERHUNE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Superior Court of the State of California *(El nombre y dirección de la corte es):* For the County of Sacramento 720 9th Street, Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

DATE: DEC 2 3 2019            Clerk, by _____ Deputy
*(Fecha)*                     *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

BY FAX

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form     Clear this form

# EXHIBIT
# B

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
ROBERT P. BIEGLER, STATE BAR NO. 88506 (OF COUNSEL)
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
LINDA TERHUNE



DEC 23 2019

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| LINDA TERHUNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EXAMWORKS, LLC, a Delaware Limited Liability Company;<br>IME RESOURCES LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  BY FAX<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>3. **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br>5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>6. **INTERFERENCE WITH CFRA RIGHTS;**<br>7. **RETALIATION IN VIOLATION OF THE CFRA;**<br>8. **INTERFERENCE WITH FMLA RIGHTS;**<br>9. **RETALIATION IN VIOLATION OF THE FMLA; and**<br>10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

1

**COMPLAINT FOR DAMAGES**

Plaintiff, LINDA TERHUNE, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1.    At all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Plaintiff, LINDA TERHUNE, was an individual.

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant EXAMWORKS, LLC (hereinafter "EXAMWORKS" and/or "Defendant" where applicable) was a Delaware Limited Liability Company, doing business in the County of Sacramento, at 11010 White Rock Road #120, Rancho Cordova, CA 95670. At the time the causes of action arose, Defendant EXAMWORKS was Plaintiff's employer and/or joint employer.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant IME RESOURCES LLC (hereinafter "IME RESOURCES" and/or "Defendant" where applicable) was a Delaware Limited Liability Company, doing business in the County of Sacramento, at 11010 White Rock Road #120, Rancho Cordova, CA 95670. At the time the causes of action arose, Defendant IME RESOURCES was Plaintiff's employer and/or joint employer.

4.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

5.    Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

6.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venturer of one or more of the other Defendants named herein. In doing the acts and/or

2

**COMPLAINT FOR DAMAGES**

omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

7.    Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

## FACTUAL ALLEGATIONS

8.    Plaintiff began her employment with Defendants on or about March 26, 2012. Plaintiff worked for Defendants as a Scheduling Coordinator.

9.    At all times mentioned herein, Plaintiff's job performance met and/or exceeded Defendants' expectations.

10.    Unfortunately, in or around March 2018, Plaintiff suffered and/or exacerbated the disability of a back injury, among other things. Indeed, Plaintiff timely notified Defendants about her disability(s). Although Plaintiff was in pain, she continued to work after suffering and/or exacerbating the disability(s).

11.    In or around late September 2018, the symptoms of pain, weakness and/or restricted movement related to Plaintiff's disability(s) made it too difficult for Plaintiff to work. Therefore, Plaintiff requested a 30 day medical leave of absence so Plaintiff could recuperate and heal. At that time, Defendants granted Plaintiff's request for a leave of absence.

12.    Shortly before Plaintiff was set to return to work, Plaintiff suffered further disabilities, including but not limited to respiratory failure and/or sepsis, and therefore, requested 30 more days of a leave of absence, which Defendants granted.

13.    Plaintiff returned to work in or around late November 2018. However, when Plaintiff returned to work, she was not returned to her same job. Rather, Plaintiff was returned to a less desirable department, which she was not familiar to her. Plaintiff is informed and believes Defendants transferred Plaintiff to the less desirable and unfamiliar department to set Plaintiff up for failure and/or termination.

14.    Not surprisingly, on or about December 13, 2018, Defendants wrongfully terminated Plaintiff for the false and/or pretextual reason of "poor performance."

3

**COMPLAINT FOR DAMAGES**

15.    Plaintiff is informed and believes Defendants wrongfully terminated Plaintiff on the basis of her perceived and/or disability(s) and/or in retaliation for Plaintiff requesting and/or taking leave and/or requesting accommodations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.    On December 12, 2019, Plaintiff filed a complaint against Defendant with the Department of Fair Employment and Housing and received an immediate "Right-to-Sue" letter from said department that same day. This Complaint is timely filed pursuant to that letter.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

17.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 16 of this Complaint.

18.    At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

19.    The FEHA requires Defendants to refrain from discriminating against any employee on the basis of disability.

20.    Defendant engaged in unlawful employment practices in violation of the FEHA.

21.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

4

**COMPLAINT FOR DAMAGES**

23.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

24.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and required Defendant's managers, officers, and agents to prevent discrimination.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

25.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 24 of this Complaint.

26.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

27.   Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

5

**COMPLAINT FOR DAMAGES**

28. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

29. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

30. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

31. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures to accommodate the disability of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///

///

///

///

///

///

///

6

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

32.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 31 of this Complaint.

33.    The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

34.    Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate her known disability in violation of the FEHA.

35.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

36.    As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to her damage in an amount according to proof.

37.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

38.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

7

**COMPLAINT FOR DAMAGES**

Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

39. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 38 of this Complaint.

40. At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendants, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has requested reasonable accommodation and/or requested and/or took leave.

41. Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

42. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

8

**COMPLAINT FOR DAMAGES**

44.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

45.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited retaliation and required Defendant's managers, officers, and agents to prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

46.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47.   At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Section 12940(k), was in full force and effect and was binding upon Defendants and each of them. This section imposes on an employer a duty to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

48.   Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

COMPLAINT FOR DAMAGES

49. In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code §12940(k), causing Plaintiff to suffer damages as set forth above.

50. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

51. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

53. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

COMPLAINT FOR DAMAGES

be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

### SIXTH CAUSE OF ACTION

### INTERFERENCE IN VIOLATION OF THE CFRA

### (Against ALL Defendants)

54.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 53 of this Complaint.

55.    All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the CFRA, Government Code §12945.2 et seq.

56.    It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the CFRA.

57.    Defendant violated Plaintiff's CFRA rights by interfering with those rights.

58.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

59.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

60.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

11

**COMPLAINT FOR DAMAGES**

61.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to grant protected leave. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SEVENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE CFRA

### (Against ALL Defendants)

62.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 61 of this Complaint.

63.    All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the CFRA, Government Code §12945.2 et seq.

64.    It is unlawful for an employer to retaliate against an employee for wanting to take and/or for taking CFRA leave.

65.    Defendant violated Plaintiff's CFRA rights by retaliating against Plaintiff for taking CFRA leave.

66.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

12

**COMPLAINT FOR DAMAGES**

67. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

68. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

69. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prohibit retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## EIGHTH CAUSE OF ACTION

### INTERFERNCE WITH FMLA RIGHTS

### (Against ALL Defendants)

70. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 69 of this Complaint.

71. All relevant times herein, Plaintiff was entitled to protected leave under the FMLA (29 USC § 2601, et seq.) and/or Defendant represented to Plaintiff that she was entitled to

13
**COMPLAINT FOR DAMAGES**

protected leave under the FMLA. Defendant did business in the State of California, and Plaintiff is informed and believes Defendant employed 50 or more full or part-time employees.

72.    The FMLA provides job security to an employee who is absent from work because of the employee's own serious health condition or to care for specified family members with serious health conditions, as well as for the birth of a child and to care for a newborn child, or because of the placement for adoption or foster care of a child with the employee. (29 USC § 2601(b)(1).)

73.    It is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA. (29 USC § 2601(b)(1); 29 CFR § 825.220(a)(1).)

74.    Defendants willfully interfered with Plaintiff's FMLA rights and her exercise of those rights.

75.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to 29 USC § 2617(a)(1)(A)(i)(I); 29 CFR § 825.400(c), and/or any other provision of law providing for prejudgment interest, as well as reinstatement to her old position.

76.    Further, Defendant's interference with Plaintiff's FMLA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest. (29 USC § 2617(a)(1)(A)(iii); 29 CFR § 825.400(c).)

77.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under 29 USC § 2617(a)(3) and 29 CFR § 825.400(c).

///

14

COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FMLA

#### (Against ALL Defendants)

78.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 77 of this Complaint.

79.    All relevant times herein, Plaintiff was entitled to protected leave under the FMLA (29 USC § 2601, et seq.) and/or Defendant represented to Plaintiff that she was entitled to protected leave under the FMLA. Defendant did business in the State of California, and Plaintiff is informed and believes Defendant employed 50 or more full or part-time employees.

80.    The FMLA provides job security to an employee who is absent from work because of the employee's own serious health condition or to care for specified family members with serious health conditions, as well as for the birth of a child and to care for a newborn child, or because of the placement for adoption or foster care of a child with the employee. (29 USC § 2601(b)(1).

81.    An employer, or any other person, is prohibited from discriminating against, or discharging, an employee (or discriminating against a non-employee) for taking FMLA leave, or for opposing or complaining about violations of FMLA. (29 USC § 2615(a)(2); 29 CFR § 825.220(a)(2).)

82.    Defendants willfully discriminated against Plaintiff for taking FMLA leave and/or retaliated against her for opposing and complaining about violations of FMLA rights.

83.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to 29 USC § 2617(a)(1)(A)(i)(I); 29 CFR § 825.400(c), and/or any other provision of law providing for prejudgment interest, as well as reinstatement to her old position.

**COMPLAINT FOR DAMAGES**

84. Further, Defendant's interference with Plaintiff's FMLA rights were not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest. (29 USC § 2617(a)(1)(A)(iii); 29 CFR § 825.400(c).)

85. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 USC § 2617(a)(3) and 29 CFR § 825.400(c).

## TENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

86. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 85 of this Complaint.

87. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA and/or CFRA and/or FMLA, is to prohibit employers from discriminating and retaliating against any individual on the basis of disability and/or because the employee requested accommodations and/or requested and/or took leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in the FEHA and/or CFRA and/or FMLA, and the laws and regulations promulgated thereunder.

88. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

16

COMPLAINT FOR DAMAGES

89. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and retaliation based on a disability and required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendant. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages, according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For reinstatement;
10. For liquidated damages;
11. For declaratory relief;
12. For injunctive relief; and
13. For such other relief and the Court may deem just and proper.

///

///

17

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:    December 20, 2019                    BROCK & GONZALES, LLP


By: _____

TIMOTHY J. GONZALES

D. AARON BROCK

Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

# EXHIBIT
# C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert P. Biegler SBN: 88506 (Of Counsel), Timothy J. Gonzales SBN: 234923<br>D. Aaron Brock SBN: 241919<br>Brock & Gonzales LLP<br>6701 Center Drive West, Ste. 610, Los Angeles, CA 90045<br>TELEPHONE NO.: (310) 294-9595    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, Linda Terhune | FILED<br>Superior Court Of California,<br>Sacramento<br>12/23/2019<br>hpemelton<br>By_____, Deputy<br>Case Number:<br>34-2019-00271939 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Linda Terhune v. Examworks, LLC et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 34-2019-00271939 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: 12/20/2019

Timothy J. Gonzales
(TYPE OR PRINT NAME)                          ►_____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT
# D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | |

| SHORT TITLE:    Terhune vs. Examworks LLC a Delaware Limited Liability | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br><br>34-2019-00271939-CU-WT-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 06/25/2020 in Department  23  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements
Prior to the filing of the case management statement, the parties should have done the following:
    -Served all parties named in the complaint within 60 days after the summons has been issued
    -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
    -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 12/24/2019

_____
Kevin  Culhane, Judge of the Superior Court

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

# EXHIBIT

# E

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Timothy J. Gonzales, Esq. | SBN: 234923<br>BROCK & GONZALES LLP<br>6701 Center Drive West Ste 610   Los Angeles, CA 90045<br><br>TELEPHONE NO. (310) 694-3590 | FAX NO. (310) 961-3673 | E-MAIL ADDRESS *(Optional)* jm@brockgonzales.com<br>ATTORNEY FOR *(Name)*  Plaintiff | **FILED/ENDORSED**<br><br>JAN 13 2020<br><br>By: _____ T. Crowther _____<br>Deputy Clerk |

**Superior Court Of California, County of Sacramento**

STREET ADDRESS: 720 Ninth Street

CITY AND ZIP CODE: Sacramento, CA 95814

BRANCH NAME: Gordon D. Schaber County Courthouse

| PLAINTIFF/PETITIONER: LINDA TERHUNE, etc.<br>DEFENDANT/RESPONDENT: EXAMWORKS, LLC, etc., et al. | CASE NUMBER:<br>34-2019-00271939-CU-WT-GDS |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Linda Terhune v. Examworks |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* **Notice of Case Management Conference and Order to Appear**

3. a. Party served *(specify name of party as shown on documents served):*

   **EXAMWORKS, LLC, a Delaware Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **CSC Lawyers Incorporating Service, Registered Agent, by serving Lal Saevang - Authorized Agent**

      **Age: 26 - 30 | Weight: 161 - 180 lbs | Hair: Blonde | Sex: Female | Height: 5'1" - 5'6" | Eyes: Brown | Race: Asian**

4. Address where the party was served: **2710 Gateway Oaks Dr., # Ste. 150N**
                                   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **1/3/2020**   (2) at *(time):* **1:52 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

     (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

     (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*           **or** ☐ a declaration of mailing is attached.

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: LINDA TERHUNE, etc. | CASE NUMBER: |
|---|---|
| RESPONDENT: EXAMWORKS, LLC, etc., et al. | 34-2019-00271939-CU-WT-GDS |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                  *(2) from (city):*

    (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4)☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of **EXAMWORKS, LLC, a Delaware Limited Liability Company**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **Limited Liability Company** |

7. **Person who served papers**

    a. Name: **Evan Hernandez - Nationwide Legal, LLC REG: 12-234648**

    b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

    c. Telephone number: **(213) 249-9999**

    d. The fee for service was: **$ 139.85**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server.

            (i) ☐ owner    ☐ employee    ☑ independent contractor.

            (ii) Registration No.: **2019-39**

            (iii) County: **Sacramento**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **1/3/2020**

**N** **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

**Evan Hernandez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶

| | |
|---|---|
| POS-010 [Rev January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** |

Page 2 of 2

POS-010/LA32135

# EXHIBIT
# F

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Timothy J. Gonzales, Esq. | SBN: 234923
BROCK & GONZALES LLP
6701 Center Drive West Ste 610   Los Angeles, CA 90045

TELEPHONE NO.: (310) 694-3590 | FAX NO. (310) 961-3673 | E-MAIL ADDRESS *(Optional):* jm@brockgonzales.com
ATTORNEY FOR *(Name):* Plaintiff:

**FILED/ENDORSED**

**JAN 13 2020**

By: _____ T. Crowther _____
Deputy Clerk

**Superior Court Of California, County of Sacramento**
STREET ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber County Courthouse

PLAINTIFF/PETITIONER: LINDA TERHUNE, etc.
DEFENDANT/RESPONDENT: EXAMWORKS, LLC, etc., et al.

CASE NUMBER:
34-2019-00271939-CU-WT-GDS

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Linda Terhune v. Examworks |
|---|---|

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Management Conference and Order to Appear**

3. a. Party served *(specify name of party as shown on documents served):*
   **IME RESOURCES LLC, a Delaware Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Registered Agent, by serving Lai Saevang - Authorized Agent**
   Age: 26 - 30 | Weight: 161 - 180 lbs | Hair: Blonde | Sex: Female | Height: 5'1" - 5'6" | Eyes: Brown | Race: Asian

4. Address where the party was served: **2710 Gateway Oaks Dr., # Ste. 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/3/2020   (2) at *(time):* 1:52 PM

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):* from *(city):*            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER: LINDA TERHUNE, etc. | CASE NUMBER: |
|---|---|
| RESPONDENT: EXAMWORKS, LLC, etc., et al. | 34-2019-00271939-CU-WT-GDS |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed *Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)

    (4)☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of **IME RESOURCES LLC, a Delaware Limited Liability Company**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **Limited Liability Company** |

7. **Person who served papers**

    a. Name: **Evan Hernandez - Nationwide Legal, LLC REG: 12-234648**

    b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

    c. Telephone number: **(213) 249-9999**

    d. The fee for service was: **$ 54.85**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server.
            (i) ☐ owner       ☐ employee     ☑ independent contractor.
            (ii) Registration No.: **2019-39**
            (iii) County: **Sacramento**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **1/3/2020**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____     ▶      *Evan Hernandez*

      **Evan Hernandez**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT
# G

MICHAEL J. NADER, SBN 200425
michael.nader@ogletreedeakins.com
JILL L. SCHUBERT, SBN 305252
jill.schubert@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant EXAMWORKS, LLC, a
Delaware Limited Liability Company (also
erroneously sued as IME RESOURCES LLC)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| LINDA TERHUNE,<br><br>Plaintiff,<br><br>vs.<br><br>EXAMWORKS, LLC, a Delaware Limited Liability Company; IME RESOURCES LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 34-2019-00271939-CU-WT-GDS<br><br>**DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>[Assigned for all purposes to The Honorable Laurie M. Earl, Dept. 23]<br><br>Action Filed:    December 23, 2019<br>Trial Date:       None Set |

Defendant EXAMWORKS, LLC (also erroneously sued as IME RESOURCES LLC) ("Defendant") hereby answers the unverified Original Complaint ("Complaint") filed by Plaintiff LINDA TERHUNE ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

////

41636998_1.docx

---

DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES

BY FAX

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

## FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SIXTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly discriminated or retaliated against.

////

////

////

41636998_1.docx

2

DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

41636998_1.docx

3

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Same Decision Limits Remedies)**

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; and Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

////

////

41636998_1.docx

4

DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

////

////

41636998_1.docx

5

4.      That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  January 30, 2020

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____
       MICHAEL J. NADER
       JILL L. SCHUBERT

       Attorneys for Defendant EXAMWORKS,
       LLC, a Delaware Limited Liability
       Company

41636998.1

41636998_1.docx

6

DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made. My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814.

On January 30, 2020, I served the following document(s):

**DEFENDANT EXAMWORKS, LLC'S ANSWER TO COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following party(ies):

Robert P. Biegler, Esq.                              Attorneys for Plaintiff
Timothy J. Gonzales, Esq.                         LINDA TERHUNE
D. Aaron Brock, Esq.
Brock & Gonzales, LLP
6701 Center Drive West, Suite 610
Los Angeles, CA 90045
Tel.: 310.294.9595
Fax: 310.961.3673

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 500 Capitol Mall, Suite 2500, Sacramento, CA 95814.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Sacramento, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

   ☐   the written confirmation of counsel in this action:

   ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

   ☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 30, 2020, at Sacramento, California.

_____
MARIA DAVIS

41637388.1